**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ANTHONY WILLMAN, | CASE NO. 12-CV-1595-IEG (RBB) |
| Plaintiff, | **ORDER:** |
| | **(1) ADOPTING IN FULL REPORT AND RECOMMENDATION;** |
| v. | **(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;** |
| | **(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **(4) REMANDING CASE FOR FURTHER PROCEEDINGS** |
| Defendant. | **[Doc. Nos. 36, 29, 30]** |

On June 27, 2012, Plaintiff Michael Anthony Willman filed a complaint under Section 405(g) of the Social Security Act, requesting judicial review of the final decision of the Commissioner of the Social Security Administration that denied his claim for disability-insurance benefits. (Doc. No. 1.) Thereafter, the Court referred this matter to United States Magistrate Judge Ruben B. Brooks, who issued a Report and Recommendation ("R&R") recommending that the Court: (1) grant in part and deny in part Plaintiff's motion for summary judgment, (2) deny

12cv1595

1  Defendant Michael J. Astrue's cross-motion for summary judgment, and (3) remand

2  this case to the Social Security Administration for the administrative law judge to

3  explain his reasons for determining that Plaintiff was not credible and the effect that

4  determination has on his claim for benefits.  (Doc. No. 36.)  The time for filing

5  objections to the R&R expired on August 30, 2013.  (R&R 20:1–11.)  Both parties

6  are represented by counsel, but to date, neither party has filed any objections.

7  ### DISCUSSION

8         The Court reviews *de novo* those portions of the R&R to which objections are

9  made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or

10  in part, the findings or recommendations made by the magistrate judge."  Id.  But

11  "[t]he statute makes it clear that the district judge must review the magistrate

12  judge's findings and recommendations de novo *if objection is made*, but not

13  otherwise."  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

14  banc) (emphasis in original); see also Schmidt v. Johnstone, 263 F. Supp. 2d 1219,

15  1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district

16  court had no obligation to review the magistrate judge's report).  "Neither the

17  Constitution nor the statute requires a district judge to review, de novo, findings and

18  recommendations that the parties themselves accept as correct."  Reyna-Tapia, 328

19  F.3d at 1121.  This rule of law is well-established within the Ninth Circuit and this

20  district.  See Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of

21  course, de novo review of a R & R is only required when an objection is made to the

22  R & R."); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz,

23  J.) (adopting report in its entirety without review because neither party filed

24  objections to the report despite the opportunity to do so); see also Nichols v. Logan,

25  355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

26         In this case, the deadline for filing objections was on August 30, 2013.

27  However, no objections have been filed, and neither party has requested additional

28  time to do so.  Consequently, the Court may adopt the R&R on that basis alone.  See

Reyna-Tapia, 328 F.3d at 1121.  Nonetheless, having conducted a *de novo* review of the parties' cross-motions for summary judgment and the R&R, the Court concludes that Judge Brooks' reasoning sound and accurate.  Therefore, the Court hereby approves and **ADOPTS IN FULL** the R&R.  See 28 U.S.C. § 636(b)(1).

**CONCLUSION**

Having reviewed the R&R and there being no objections, the Court **ADOPTS IN FULL** the R&R (Doc. No. 36), **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for summary judgment (Doc. No. 29), **DENIES** Defendant's cross-motion for summary judgment (Doc. No. 30), and **REMANDS** this case to the Social Security Administration for further proceedings.

**IT IS SO ORDERED.**

**DATED:  September 6, 2013**

**IRMA E. GONZALEZ**
**United States District Judge**